IN THE UNITED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Anthony B. Clark, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> Manley Deas Kochalski LLC, <br><br> Defendant. | Case No. 1:19-cv-06219 <br><br> Judge Mary M. Rowland |

**MOTION FOR SUMMARY JUDGMENT**
**OF DEFENDANT MANLEY DEAS KOCHALSKI LLC**

Now comes Defendant Manley Deas Kochalski LLC ("MDK"), by and through undersigned counsel, and hereby moves this Court for summary judgment on the complaint of plaintiffs Anthony B. Clark and Maria V. Clark (the "Clarks") against MDK.

No genuine issue of material fact exists in this case. The attached declaration of Benjamin Ogg, and its authenticated documents attached thereto, deny that any evidence supports the Clarks' claim that MDK violated Section 1692e of the federal Fair Debt Collections Practices Act.

Accordingly, MDK is entitled to summary judgment as a matter of law. A supporting memorandum of law and statement of material facts, as required under Loc.R. 56.1(a)(2)-(3) is attached hereto and incorporated herein.

| | |
|---|---|
| Matthew J. Richardson<br>MANLEY DEAS KOCHALSKI LLC<br>1555 Lake Shore Drive<br>Columbus, OH 43204<br>Phone: 614-754-2883;  Fax: 614-220-5613<br>mjr2@manleydeas.com<br>OH Bar # 0077157 | /s/ Matthew J. Richardson<br>One of Defendant's Attorneys |

19-034238_ACS2

**A. Introduction**

The sole basis for the complaint of plaintiffs Anthony B. Clark and Maria V. Clark ("the Clarks") against defendant Manley Deas Kochalski LLC ("MDK") is a letter that MDK sent to them regarding their failure to pay assessments and related charges for a time-share condominium in Florida they have owned continuously from 2003 to this day.

Contrary to the allegations in their complaint, the Clarks' continued to hold title to the condominium interest after their Chapter 13 plan completed. Regardless of whatever intentions they had to surrender the condominium interest in their bankruptcy proceeding, they cannot deny that they never transferred title to it out of their names to anyone. As such, MDK's letter regarding the unpaid assessments for their condominium interest should not have surprised or confused them. It was their own unilateral mistake that caused their confusion, not any improper action taken by MDK.

Furthermore, nothing on the face of MDK's letter is false, deceptive, or misleading to the least sophisticated consumer. The letter contains no representation that the Clarks were personally liable for any amounts whatsoever and instead states that only an *in rem* proceeding would be filed if they did not pay the balance. As a matter of Florida law, the Clarks cannot dispute that MDK's client was entitled to recover title to the condominium interest in a Florida *in rem* proceeding when they failed to pay the assessments for the same condominium interest. *See* Fla. Stat. § 721.16.

Regardless, the amounts stated in MDK letter were not even incurred until ***after*** the Clarks filed their bankruptcy petition. As such, even if MDK's letter is construed as an attempt to

19-034238_ACS2

hold the Clarks personally liable for the amounts set forth in the letter, none of these amounts would have been discharged through the Clarks' Chapter 13 plan regardless. *See* 11 U.S.C. § 523(a)(16) (2005). As a result, it would not have been false, deceptive, or misleading for MDK to represent to the Clarks that they were personally liable for these amounts even if MDK did, which it did not.

As such, the Clarks' complaint about MDK's letter lacks any basis in fact or law. It has nothing to do with MDK and everything to do with their own failures both to transfer title to the property out of their names and to keep track of their own financial affairs. As such, they have alleged no basis on which hold MDK liable under the federal Fair Debt Collections Practices Act ("FDCPA"), and no such factual basis exists regardless.

**B. Statement of Material Facts**

1. The Clarks are two residents of Naperville, Illinois. (ECF No. 1 (hereinafter, "Compl."), ¶ 4.)

2. MDK is a law firm with its home office in Columbus, Ohio and conducts business in an office located within this district. (Compl., ¶¶ 3 & 6.)

3. The Clarks' complaint is filed under the federal Fair Debt Collections Practices Act ("FDCPA") at 15 U.S.C. § 1692 *et seq.* (Compl., ¶ 1.) As such, this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331. (Id., ¶ 2.)

4. The Clarks were transferred title to the following time-share condominium interest (the "subject property") on August 18, 2003 as follows:

> Unit Week 28, in Unit 025021, an Annual Unit Week in Bella Florida Condominium, pursuant to the Declaration of Condominium as recorded in Official Records Book 6222, Page 1987, Public Records of Orange County, Florida and all amendments thereof and supplements thereto ('Declaration')

19-034238_ACS2

(Declaration of Benjamin Ogg (hereinafter "Ogg Decl."), attached hereto as Exhibit 1, at Exhibit 1-A (Allodial, Inc. Title Report June 6, 2019).)

**5.** According to the complaint in this action, the Clarks filed a Chapter 13 petition in U.S. Bankruptcy Court on January 31, 2013. (Compl., ¶ 11.) Furthermore, the Clarks alleged that in their bankruptcy action, they sought to "surrender[] the Bella Florida Condominium Time Shares . . . to the Bella Florida Condominium Association, Inc. in full satisfaction of its claims." (Id., ¶ 13.)

**6.** However, the docket for their bankruptcy action is devoid of any attempt, successful or not, made by the Clarks or any other party, to transfer the subject property out of their names to anyone else. (Ogg Decl., ¶ 5 & Bankruptcy Dkt., at Exhibit 1-B.) Finally, the Clarks allege in their complaint in this action that they received an order of discharge from the bankruptcy court on March 31, 2017. (Compl., ¶ 15.)

**7.** The Clarks make no allegations that the subject property transferred to any party at any time since they took title to it in 2003. Nor does the Florida public record indicate that they transferred the property to any party since that time. Instead, MDK's client has pursued an *in rem* non-judicial foreclosure proceeding on the subject property in Florida that is currently pending with a prospective sale date of December 12, 2019. (Ogg Decl., ¶ 16 & Trustee's Notice of Sale, at Exhibit 1-E.)

**8.** The Clarks stopped paying the condominium assessments on the subject property after 2012, missing annual payments from 2013 through 2018. (Ogg. Decl., ¶ 6 & Exhibit 1-A, attached thereto.) Their failure to pay these amounts resulted in bulk liens recorded in Orange County, Florida on June 4, 2018 for the total amount of $7,867.40, itemized as follows:

        2013:        $1270.35

19-034238_ACS2

      2014:   $1307.40

      2015:   $1319.01

      2016:   $1306.60

      2017:   $1330.81

      <u>2018:   $1333.23</u>

      Total:   $7867.40

(Id.)

  **9.**  On August 4, 2018, MDK sent the Clarks a letter on behalf of Bella both notifying the Clarks of unpaid condominium assessments and expressing Bella's intention to foreclose their condominium interest through a "non-judicial foreclosure process" that "will **not** result in a personal judgment or liability against you." (Ogg. Decl., ¶ 7 & August 14, 2018 Letter to the Clarks, at Exhibit 1-C (emphasis in original).) Additionally, the letter provides for a judicial method of foreclosure, if the Clarks timely note their objection to the Florida foreclosure trustee. (Id.) Further, the letter contains an express disclaimer under the FDCPA as follows:

> To the extent your original obligation has been discharged or is subject to an automatic stay of bankruptcy under Title 11 of the United States Code, this notice is for compliance and informational purposes only or is notice of the creditor's intent to enforce a lien against property and is not an attempt to collect a debt, a demand for payment, or an attempt to impose personal liability for that debt.

(Id.)

  **10.**  But most notable in this regard is that MDK's letter does not state that the Clarks were in default of any amounts incurred before the time that they filed their Chapter 13 proceeding on January 31, 2013. Instead, the only amounts included derived from assessments incurred *<u>after</u>* they filed their Chapter 13 plan, for a total principal balance of $6597.05:

19-034238_ACS2

4

    2014:   $1307.40

    2015:   $1319.01

    2016:   $1306.60

    2017:   $1330.81

    <u>2018:   $1333.23</u>

    Total:   $6597.05

(Id., ¶¶ 7-9 & Exhibit 1-C, attached thereto.)

  **11.**  In this respect, MDK's client did not pursue collection of the assessments from 2013. (Id., ¶ 9.) Nor were any other amounts set forth in MDK's letter incurred before the Clarks filed their Chapter 13 action. (Id., ¶¶ 9-15 & Owner Condominium History, attached thereto as Exhibit 1-D.) All amounts set forth in the letter that forms the basis for the Clarks complaint against MDK were incurred after they filed their Chapter 13 petition on January 31, 2013. (Id.)

  **12.**  Despite these indisputable facts and circumstances, the Clarks allege that MDK's letter "caused confusion, emotional distress and mental anguish consistent with believing they remained personally obligated to Bella [], causing [them] to question whether their bankruptcy discharge had legal effect." (Compl., ¶ 18.) At the same time, the Clarks do not attach a copy of the letter that is the sole basis for their complaint. (*See* Ogg Decl., at Exhibit 1-C.)

  **13.**  Furthermore, the Clarks ignore the fact that Bella was seeking a non-judicial foreclosure that "will not result in a personal judgment or liability against" them, as MDK's letter expressly states. (Id.) The Clarks also ignored the fact that the public record indisputably indicates that they never transferred title to the condominium to anyone, ever. (Id, at Exhibit 1-A, attached hereto.)

19-034238_ACS2

14. On this "basis," the Clarks allege that MDK violated 15 U.S.C. §§ 1692e(2)(A) and 1692e(10). (Compl., ¶ 20.) Section 1692e(2)(A) of the FDCPA bars a debt collector from using false representations of the "character, amount, or legal status of any debt," while section 1692e(10) bars, in pertinent part, "the use of any false representation or deceptive means to collect or attempt to collect any debt."

15. In this respect, the Clarks allege that MDK "falsely represented" the amount due and owing "when in fact, Plaintiffs' Chapter 13 discharge eliminated any and all personal liability to Bella []." (Compl., ¶¶ 22-23.)

16. However, the Clarks do not point to any aspect of MDK's letter indicating that MDK falsely represented that the Clarks were personally liable for this amount. They also ignore express language in MDK's letter to indicate that they were not personally liable on for the amounts stated.

17. Regardless, even if MDK did make this representation that the Clarks were personally liable, the total amounts due and owing stated in MDK's letter were indisputably incurred *__after__* the Clarks filed their Chapter 13 petition, were never part of their Chapter 13 plan, and could not have been discharged through their plan. (Ogg Decl., ¶¶ 9-15 & Owner Condominium History, attached hereto as Exhibit 1-D.)

18. On the basis of these allegations, the Clarks seek to recover from MDK actual damages, statutory damages, and attorney's fees and costs. (Compl.)

C. **Memorandum of Law.**

Because the Clarks' complaint is based on factually incorrect statements and legal misunderstandings, MDK is entitled to summary judgment against them. Even if the Clarks were correct that MDK represented that they were personally liable for the amounts stated in MDK's

19-034238_ACS2

6

letter—which it did not—those amounts were indisputably incurred *after* they filed their Chapter 13 plan and therefore were never discharged, consistent with 11 U.S.C. § 523(a)(16) (2005). Nor do the Clarks point to any other aspect of MDK's letter that allegedly violates the FDCPA. Accordingly, MDK is entitled to summary judgment against the Clarks.

1. **The summary judgment standard.**

Under the federal rules, summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A summary judgment motion will be denied "only if there is enough evidence upon which a reasonable jury could return a verdict" in favor of the nonmovant. *Sulaiman v. Biehl & Biehl*, No. 1 C 04518, 2016 U.S. Dist. LEXIS 136677, at *6 (N.D. Ill. Sept. 30, 2016) (quoting *Swetlik v. Crawford*, 738 F.3d 818, 826 (7th Cir. 2013)).

2. **The applicable law under the FDCPA.**

Under 15 U.S.C. § 1962e, debt collectors are generally barred from making "any false, deceptive, or misleading representation or means in connection with the collection of any debt." Section 1692e also provides a non-exclusive list of ways in which debt collectors may violate this statute. Among these are Sections 1692e(2)(A) and 1692e(10), the two ways in which the Clarks claim that MDK violated Section 1692e.

Section 1692e(2)(A) bars a debt collector from making false representations about the "character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A). For instance, a debt collector may violate Section 1692e(2)(A) when it specifies to the consumer an amount due for interest that is false or misleading. *See Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 756-757 (7th Cir. 2009) (affirming district court's order granting debt collector summary judgment on consumer's Section 1692e(2)(A) claim when interest amount represented to consumer was

19-034238_ACS2

correct). Alternatively, a debt collector may violate Section 1692e(2)(A) when the debt collector claims that a debt is owed when the applicable statute of limitations for collecting it has lapsed. *See Davis v. World Credit Fund I, LLC*, 543 F. Supp. 2d 953, 957 (N.D. Ill. 2008) (granting debt collector summary judgment on Section 1692e(2)(A) when consumer was incorrect that that collecting debt was barred by the applicable limitations period). Section 1692e(10) more generally bars a debt collector from using "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

To determine whether a debt collector has violated Section 1692e, the debt collector must have deceived or misled "an unsophisticated and reasonable consumer," regardless of the debt collector's knowledge, intentions, or state of mind. *Ali v. Portfolio Recovery Assocs., LLC*, No. 15-cv-06178, 2018 U.S. Dist. LEXIS 168877, at *18 (N.D. Ill. Sept. 30, 2018) (citing *Turner v. J.V.D.B. & Assocs., Inc.*, 330 F.3d 991, 995 (7th Cir. 2003)). The unsophisticated and reasonable consumer is deemed to be "uninformed, naïve, or trusting," but is nevertheless "presumed to have a basic understanding of finances and be capable of making basic logical deductions and inferences." *Id.* (quoting *Sims v. Wilber Law Firm, P.C.*, 383 F.3d 562, 564 (7th Cir. 2004) (internal quotations and additional citation omitted)). Unsophisticated and reasonable consumers are "wise enough to read collection notices with added care," and while they "may tend to read collection letters literally," they do "not interpret them in a bizarre or idiosyncratic fashion." *Sulaiman v. Biehl & Biehl*, No. 15 C 04518, 2016 U.S. Dist. LEXIS 136677, at *8 (N.D. Ill. Sept. 30, 2016) (citing *Gruber v. Creditors' Protection Service, Inc.*, 742 F.3d 271, 273 (7th Cir. 2014); *Pettit v. Retrieval Masters Creditor Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000)).

The plaintiff in an FDCPA action bears the burden of establishing that a "dunning letter was misleading to an unsophisticated consumer." *Id.* While the question of whether a dunning

letter is misleading to an unsophisticated consumer "is generally a question of fact for a jury," a plaintiff in an FDCPA action fails to state a claim upon which relief can be granted "when it is apparent from a reading of the letter that not even a significant fraction of the population would be misled by it." *Id.* (quoting *Zemeckis v. Global Credit & Collection Corp.*, 679 F.3d 632, 636 (7th Cir. 2012) (further citation omitted)).

Whether FDCPA plaintiffs must produce extrinsic evidence to carry their burden to establish that a dunning letter violates Section 1692e is determined by a test set forth in *Ruth v. Triumph Partnerships*, 577 F.3d 790 (7th Cir. 2009). *Id.* Under the *Ruth* test, a dunning letter is placed into one of three categories. *Id.* In the first category, the debt collector's statements are not misleading on their face, and courts "do not look to extrinsic evidence to determine whether consumers were confused." *Ruth*, 577 F.3d at 800. In these cases, the district court either "dismisses the case or grants summary judgment for the defendant [debt collector] based on its determination that the statement complied with the law." *Id.*; *Sulaiman*, 2016 U.S. Dist. LEXIS 136677, at *11 (collecting cases) (citing *Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012); *Wahl v. Midland Credit Mgmt.*, 556 F.3d 643, 646 (7th Cir. 2009)).

Cases in the second category concern debt collector statements "not plainly misleading or deceptive but [those that] might possibly mislead or deceive the unsophisticated consumer." *Id.* (quoting *Ruth*, 577 F.3d at 800). In these cases, district courts within the Seventh Circuit require FDCPA plaintiffs to produce extrinsic evidence to prevail on their claims, specifically evidence "such as consumer surveys, to prove that unsophisticated consumers do in fact find the challenged statements misleading or deceptive." *Id.* (citing *Hahn v. Triumph Partnerships LLC*, 557 F.3d 755, 757 (7th Cir. 2009)).

19-034238_ACS2

In the third category are statements made by debt collectors that are "plainly deceptive," in which district courts within the Seventh Circuit grant summary judgment in favor of consumers in FDCPA actions. *Id.* (citing *Ruth*, 577 F.3d at 801).

### 3. MDK did not violate Section 1692e of the FDCPA.

#### a. MDK's letter is not false, misleading, or deceptive as a matter of law.

As a matter of law, MDK's letter falls into the first of the three *Ruth* categories. MDK's letter is not on its face false, deceptive, or misleading under the FDCPA. As a result, MDK is entitled to summary judgment on the Clarks' claim under Section 1692e(10) of the FDCPA.

The only basis for the Clarks to claim that MDK's letter is false, deceptive, or misleading are their own unilateral mistakes (i) that they transferred the subject property out of their names; and (ii) that the amounts set forth in MDK's letter were discharged through their Chapter 13 proceeding. But the Clarks are simply wrong, both as a matter of fact and as a matter of law, that they were not responsible for assessments to the subject property that inevitably accrued when they failed to transfer the subject property to anyone else. In this respect, the Clarks merely allege that they had *intended* to surrender the subject property through their Chapter 13 proceeding, not that they actually did surrender it. (Compl., ¶ 13.) Regardless, the public record establishes that they did not surrender or transfer it to anyone. (Ogg. Decl., at Exhibit 1-A.)

Additionally, the Clarks are not permitted as a matter of law to bootstrap their own subjective confusion—again, based on their own unilateral mistake—into a claim that MDK violated Section 1692e of the FDCPA. As this Court has previously determined, the "unsophisticated consumer test, . . . [] is an objective rather than subjective test." *Sulaiman*, 2016 U.S. Dist. LEXIS 136677, at *17 (denying that a plaintiff's testimony "provide[s] an adequate basis to support a conclusion that a communication would be misleading to an

19-034238_ACS2

10

unsophisticated consumer") (collecting cases). If MDK's letter itself would not confuse "a significant fraction of the public," then the only way that the Clarks can survive MDK's summary judgment motion is if they can produce survey evidence to show otherwise. *Id.* Because the Clarks have pointed to nothing in MDK's letter that would be confusing to a significant fraction of the public, and instead point only to their own mistakes for which MDK is not responsible, MDK is entitled to summary judgment on their claim that MDK violated Section 1692e(10) of the FDCPA.

### b. MDK's letter accurately sets forth all amounts the Clarks owe.

MDK is also entitled to summary judgment on the Clarks' claim under Section 1692e(2)(A) that MDK misrepresented the character, amount, or legal status of the debt they owed. The Clarks claim that they were discharged of personal liability for the amounts set forth in MDK's letter, but again, the basis for the Clarks' claim in this regard is their own unilateral mistake. The Clarks have overlooked the fact not only that they never transferred title to the subject property to anyone, but also that all of the amounts set forth in MDK's letter were incurred after they filed their Chapter 13 petition on January 31, 2013.

Under the 2005 amendments to Section 523(a)(16) of the U.S. Bankruptcy Code, post-petition condominium assessments are not dischargeable if "the debtor or the trustee has a legal, equitable, or possessory ownership interest" in the property when the assessments are incurred. *Hijjawi v. Five N. Wabash Condo. Ass'n*, 495 B.R. 839, 849 (N.D. Ill. Bankr. 2013) (quoting 11 U.S.C. § 523(a)(16) (2005); H.R. Rep. 109-31(I), at 88 (2005), reprinted in 2005 U.S.C.C.A.N. 88, 154). Additionally, debtors' claims against debt collectors fail under Section 1692e(2)(A) when the factual basis for the claim is the debtors' erroneous conclusion that debt has been discharged when it has not. *See Bussard v. Shermeta, Adams & Von Allmen, P.C.*, No. 13-

19-034238_ACS2

10877, 2013 U.S. Dist. LEXIS 93155, at *10, 2013 WL 3353942 (E.D. Mich. July 3, 2013) ("Because Plaintiff's educational debt was not discharged, Defendant did not violate the FDCPA when it contacted Plaintiff and informed him that he was still liable for the debt owed to NCT.")The Clarks cannot dispute that they held a "legal, equitable, or possessory ownership interest" in the subject property when the assessments and all other charges were incurred because they never transferred it to anyone else, and they continue to hold title to the subject property to this day. (Ogg. Decl., at Exhibit 1-A, attached thereto.) Nor can the Clarks dispute that all of the amounts MDK's client sought to recover from them, as set forth in MDK's letter, are amounts that they incurred after they filed their Chapter 13 petition and are therefore post-petition debt that is not dischargeable. (Id., ¶¶ 9-15 & Exhibits 1-A, -C, -D, attached thereto.)

For these reasons, MDK is entitled to summary judgment on the Clarks' claim under Section 1692e(2)(A) where MDK accurately set forth the character, legal status, and amount of their debt under any possible standard. The Clarks were not discharged of any such debt as a matter of law.

### D. Conclusion

The Clarks have filed a factually and legally baseless complaint against MDK. Therefore, MDK is entitled to summary judgment against them.

Matthew J. Richardson  
MANLEY DEAS KOCHALSKI LLC  
1555 Lake Shore Drive  
Columbus, OH 43204  
Phone: 614-754-2883;  Fax: 614-220-5613  
mjr2@manleydeas.com  
OH Bar # 0077157  

/s/ Matthew J. Richardson  
One of Defendant's Attorneys

19-034238_ACS2

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing was filed with the Clerk of the United States District Court for the Northern District of Illinois via the CM/ECF electronic filing system, thereby automatically serving all registered parties, this 2nd of December, 2019.

    /s/ Matthew J. Richardson
    Matthew J. Richardson